## SAMUEL P. TOWNSEND

### *v.*

## BOARD OF WATER COMMISSIONERS.

FAILURE OF CONSIDERATION—*plea of.* To an action on a promissory note the defendant pleaded that the sole consideration of the note was the ice to be formed on the ponds at the reservoir of the plaintiffs during the winter next following, and, in consideration of the ice so to be formed, he executed the note; that no ice of any value was formed on said ponds during said winter, and that whatever ice was formed on said ponds was wholly useless to said defendant, wherefore the defendant avers that the consideration of said note has wholly failed: *Held*, that the plea was bad on general demurrer, the facts presenting no defense to the note, there be-ing no warranty or guaranty that any ice would form, or that it would be of any particular value.

APPEAL from the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

This was an action of assumpsit by appellees against appellant, in the circuit court of Sangamon county, upon a promissory note. The second plea of defendant was as follows:

"And for a futher plea in this behalf, the defendant says, *actio non*, because he says that the said several causes of action, in the said several counts of said declaration, are for one and the same thing, to-wit: the said promissory note in the first count of said declaration mentioned, and for no other cause whatever; and that the sole consideration of the said note was the ice to be formed on the ponds at the reservoir of said plaintiff, near the city of Springfield, in said county and state, during the winter next following the date of said note, to-wit: the winter ending with the spring of the year A. D. 1870 ; and in consideration of said ice so to be formed during said winter on said ponds, he executed the note sued on. And the defendant avers that no ice of any value was formed on said ponds during said winter, and that whatever ice was formed on said ponds was wholly worthless to said defendant ; wherefore the defendant avers that the consideration of said note has wholly failed. And this the defendant is ready to verify," etc.

To this plea the circuit court sustained a general demurrer, which ruling was assigned for error.

Messrs. CULLOM, ZANE & MARCY, for the appellant.

Messrs. ROBINSON, KNAPP & SHUTT, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The record presents but a single question, viz: did the court err in sustaining the demurrer interposed to the second plea?

The action is founded on a promissory note. In the second plea it is alleged that there was a total failure of the consideration in this, that the note was given for the ice to be

formed on the ponds at the reservoir of the appellees, near the
city of Springfield, during the winter next following, viz: the
winter ending with the spring of the year 1870, and that no
ice of any value was formed upon the ponds during that pe-
riod, and that whatever ice was formed on the ponds was
wholly worthless to the appellant.

It will be observed that it is not alleged that there was any
guaranty or warranty that any particular quantity or quality
of ice would be formed, or indeed, that any at all would be
formed during that period.

It is not denied that some ice was formed during that win-
ter.   It was the agreement of the appellant that he would
pay the sum of money named in the note, for whatever did
form.   But it is alleged that whatever ice did form "was
wholly worthless to" the appellant.

It is a complete answer to this allegation, that the appellees
never promised that the ice that should be formed would be
of any value to the appellant.   It is doubtless true that all
the ice that would make on the ponds during any winter,
would be worthless to some persons; still to persons in that
line of business it would be valuable.   It does not follow
that because the ice that did make was worthless to the
appellant, it was not, nevertheless, a valuable article of
merchandise.

But if the facts set up in the plea were well pleaded, we do
not think they would constitute any defense to the note.   The
appellant was bound to know, and did know, that in this lati-
tude, during some winters, a good deal of ice would make,
and in others but very little.   With this knowledge on his
part, he deliberately elected to pay so much money for what-
ever ice would be formed during that period, be the quantity
great or small, or the quality good or inferior, and no reason
is perceived why he should not be bound by his agreement, in
the absence of any warranty or fraudulent practices on the
part of the appellees.

It is not a subject of inquiry whether the contract was wise or unwise on the part of the appellant, or whether it was profitable or unprofitable. It is enough to know that the contract was fairly made in reference to a subject about which it was lawful for the parties to contract.

The cases cited by counsel for appellant, supposed to be illustrative of the one at bar, are not analogous. In those cases the subject matter of the contract between the parties was supposed to be in existence at the time, but when it was ascertained that the property was not in existence, it was held that there was a failure of the consideration.

The demurrer was properly sustained and the judgment is affirmed.

*Judgment affirmed.*