# Richmond.

JONES v. DEGGE.

APRIL 5th, 1888.

Absent, Richardson, J.

1. CHANCERY PRACTICE—*Want of replication.*—Where defendant has taken depositions as if there had been a replication, the decree shall not be reversed for want of a replication. Code 1873, ch. 177, § 4.

2. WITNESSES—*Competency—Husband and wife.*—Where husband and wife are joint makers of the note sued on, neither is a competent witness, although no relief as against him is prayed for in the bill. The payee is also incompetent.

3. CASES DISTINGUISHED.—In *Hays* v. *Association*, 76 Va., 225, and *Farley* v. *Tiller*, 81 Va., 275, the wife was held to be a competent witness, because the husband was beneficially interested in the suit and was joined as a party with her simply because the "married woman's act" required it.

4. FRAUD—*Conflicting evidence—Burden of proof—Case at bar.*—Burden of proving fraud is on the alleger thereof, and the proof must be clear. In this case the evidence is conflicting, and fails to sustain the charge.

5. INADEQUACY OF CONSIDERATION—*A defence, when?*—Inadequate consideration is no defence to an action on a note given for purchase of property, unless the inadequacy be so gross as to lead to the irresistible influence of fraud. *Mathews* v. *Crockett*, 82 Va., 394.

6. PRINCIPAL AND SURETY—*Exhaustion of princiapl.*—Where bill alleges that principal has no estate, and the allegation is not denied, but is proven, it is not error to decree at once against the estate of the surety. *Penn* v. *Ingles*, 82 Va., 65.

Appeal from decree of corporation court of city of Norfolk, rendered June 20th, 1887, in the suit wherein Richard H. Jones and Susan A., his wife (the appellants), are defendants,

and W. W. Degge (the appellee), is plaintiff.  Opinion states the case.

*D. J. Goodwin & Son* and *W. F. Woodhouse*, for the appellants.

*Borland & Willcox*, for the appellee.

LEWIS, P., delivered the opinion of the court.

This was a suit in equity to subject the separate estate of a married woman to the payment of a certain negotiable note for $500, executed jointly by herself and husband, on the 14th of February, 1885.  The note was given for a debt due by the husband to the plaintiff for the purchase of a one-half interest in a weekly newspaper, known as the "Sunday Gazette," published in the city of Norfolk.  The separate estate consisted of several houses and lots, situate in Norfolk, which shortly before her marriage, in 1884, were conveyed to a trustee for the sole and separate use of the wife, with power of disposition by her direction to the trustee.

The bill alleges that the husband is insolvent, and has no estate of any description, real or personal.  And the prayer of the bill is, that the rents and profits of the separate estate, or so much thereof as may be necessary, be subjected to the payment of the note above mentioned, which is past due and wholly unpaid.  Both husband and wife are made defendants to the bill, with a prayer that they be summoned to answer the same.

The defendants answered jointly, and subsequently an amended bill was filed, making the trustee in the deed of settlement a defendant, who also answered.  The husband and wife defended in their answer on the ground of failure of consideration and fraud.  They averred that the contract of purchase, on account of which the note sought to be collected was

given, was procured by the misrepresentations of the plaintiff as to the value and prospects of the paper which was the subject of the contract, and therefore that payment of the note ought not to be decreed. The defence set up in the answer of the trustee was, that the property of the husband ought to be first exhausted before decreeing against the estate of the wife, because the note was signed by her as surety for the husband. No replication appears to have been filed, except to the answer of the trustee, but testimony was, nevertheless, taken on both sides.

When the cause came on to be heard, the court below, being of opinion that the note constituted a charge on the separate estate, appointed a receiver to rent out the real estate mentioned in the bill, until such time as the rents and profits realized therefrom would be sufficient to pay the note. No decree was rendered against the husband.

1. The appellants, the husband and wife, contend that inasmuch as there was no replication to their answer in the court below, the averments of the answer must be taken as true, and that therefore the decree must be reversed. This position, however, is not well taken. It appears that objection on the ground of a want of replication was made by way of exception to the commissioner's report, and overruled, after which the defendants proceeded to take depositions, upon which in part the cause was heard. The case is, therefore, within the statute, which provides that "no decree shall be reversed for want of a replication to the answer, where the defendant has taken depositions as if there had been a replication," and which also provides that a decree shall not be reversed at the instance of a party who has taken depositions, for an informality in the proceedings, when it appears that there was a full and fair hearing upon the merits, and that substantial justice has been done." Code 1873, ch. 177, § 4; 1 Bart. Ch. Pr., p. 416; *Simmons* v. *Simmons' Adm'r*, 33 Gratt., 451, 459.

2. The question as to the competency of the husband as a witness in the case has also been discussed, but as his deposition was admitted, and the appellee is not complaining, the question is of no practical importance, so far as the present case is concerned. We are of opinion, however, that as the husband and wife were joint makers of the note, neither was a competent witness, notwithstanding no relief as against the husband is prayed for in the bill. 1 Greenl. Ev., § 395. In *Hayes* v. *Virginia Mutual Protection Association*, 76 Va., 225, which was a suit on a policy of insurance for the benefit of the wife, it was held that she was a competent witness, because the husband was not beneficially interested in the suit, and was joined as a party with her simply because the statute, commonly known as the "Married Woman's Act," required it. And in *Farley* v. *Tillar*, 81 Va., 275, which was an action of unlawful detainer against the wife as a sole trader, in which the husband was joined as a defendant, it was for the same reason held that she was a competent witness, but that he was not.

The difference between those cases and the present is, that here the husband and wife are jointly and directly interested, and hence neither can testify without testifying for or against each other, which the common law, unaltered in this particular by statute in Virginia, forbids. *Frank & Alder* v. *Lilienfeld*, 33 Gratt., 377; *N. & W. R. R. Co.* v. *Prindle*, 82 Va., 122. Both were therefore incompetent; and, as the defendants were incompetent, the plaintiff was thereby rendered incompetent also; but his testimony, like that of the husband, was admitted by the court below, and it is agreed that the case shall be considered here upon the record as it is.

3. The question, then, is, whether the defence to the note is sustained by the proofs. The case, it is proper to say, is not affected by the statute last above mentioned, as the estate of the wife is not a separate legal estate, created by operation of the statute, but is an equitable estate held subject to the provi-

sions of the deed of settlement. By the terms of that deed, the wife is empowered to charge the estate, and, in signing the note upon which the suit is brought, the presumption is that she intended to charge it, and the note is, therefore, a charge upon the estate, unless the defence set up in the answer be well founded. For the rule is now too well settled to be questioned, that if a *feme covert*, having a separate estate, contract a debt, either as principal or surety, she is presumed, in the absence of evidence to the contrary, to intend a charge on her separate estate, though no reference to the estate be made when the debt is contracted. *Hulme* v. *Tenant*, 1 Bro., Ch. 16, 1 Lead. Cas. Eq., Pt. II., 481; *Burnett* v. *Hawpe's ex'or*, 25 Gratt., 481; *Frank & Alder* v. *Lilienfeld, supra; Christian & Gunn* v. *Keen*, 80 Va., 369; 2 Bl. Comm., 293 n. (12).

We think the defence is not sustained. The case of the appellants rests almost exclusively upon the testimony of the husband, who testifies that he was induced to enter into the transaction, on account of which the note was given, by the representations of the plaintiff, and that he had no other means of knowledge upon the subject; that the plaintiff represented the newspaper in question to be in a prosperous condition, having not less than seven hundred and fifty subscribers, and a paying advertising patronage besides, and that it could be made to yield a clear profit of not less than one hundred dollars per month; all of which representations, he says, were false and fraudulent. He further says that, in point of fact, the paper had less than three hundred subscribers; that its receipts from advertisements were insignificant, and that, so far from its paying a profit, its receipts were less than the expense of conducting it. In short, he says it was virtually a defunct concern and worthless.

On the other hand, these statements are flatly contradicted by the plaintiff, who testifies that he was first approached by Jones, the husband, to inquire whether an interest in the paper could be purchased, and that he at first declined to sell; that

in their interview he informed Jones that the paper had been doing well, but that, owing to his (the plaintiff's) inability, on account of other engagements, to give it attention, the business had declined, though still more than paying expenses. Upon that representation, he says, Jones proposed to take charge of the paper, as editor, for a salary of $50 per month, but that he declined to accept the offer, and afterwards the contract of purchase and co-partnership was made. He denies that he made any representations to Jones as to the number of subscribers to the paper, or that he represented to him that a profit of not less than one hundred dollars per month, after paying expenses, could be divided. He says that Jones represented to him that he (Jones) could influence or secure at least a thousand subscribers, and that his object in selling him an interest in the paper, and putting him in charge of it, was more out of consideration for the subscriptions and advertisements which it was supposed he could attract, than for the amount of money he was to pay. In this expectation, however, he says, he was disappointed; that not one hundred subscribers, and little or no patronage of any kind, were brought by Jones to the concern, and that he, in a short time, doubled its expenses, and by neglect and mismanagement suffered it to decline still farther.

An attempt was made by the defendants to impeach the credit of the plaintiff as a witness, but without success. A young man, the son of the male appellant, testified that he knew the plaintiff's general reputation, and would not believe him on oath. But another witness on the same side testified that he would. No other evidence was offered upon the subject.

These are the principal points in the evidence on either side, and from this summary, apart from the weight to be given to the report of the commissioner in the plaintiff's favor, (*Bowers* v. *Bowers*, 29 Gratt., 697) it is clear that the charges of fraud and failure of consideration are not established. Fraud, when

charged must be clearly proved, and the burden of proof is on the party charging it—a rule, the application of which is decisive of the present case. The argument founded upon alleged inadequacy of consideration for the note cannot avail. Where the parties are competent to contract, relief will not be decreed on the ground of inadequacy of consideration, unless the inequality be so gross as to shock the conscience, and of itself amount to proof of fraud; and this is not such a case. *Greer* v. *Greer*, 9 Gratt., 330; *Mathews* v. *Crockett*, 82 Va., 394. "Courts of equity as well as courts of law," says Judge Story, "act upon the ground that every person who is not from his peculiar condition or circumstances under disability, is entitled to dispose of his property [or to act for himself] in such manner and upon such terms as he chooses; and whether his bargains are wise and discreet, or profitable or unprofitable, or otherwise, are considerations, not for courts of justice, but for the party himself to deliberate upon." 1 Story's eq., § 244.

4. Only one other point need be mentioned. It is contended that as the wife signed the note as surety for her husband, it was error to subject her estate before exhausting the property of the principal debtor. As all the parties are before the court, this point might be well taken, if there were any estate of the husband to which the plaintiff could resort. *Horton* v. *Bond*, 28 Gratt., 815; *Penn* v. *Ingles*, 82 Va., 65. But the bill alleges that there is none; that the husband is insolvent, and has no estate whatever; and this allegation is not denied in the answers, and is sustained by the record. This consideration also obviates any objection to the bill in this court, on the ground that it contains no prayer for relief as against the husband. There was no demurrer in the court below, and upon the whole, we are of opinion to affirm the decree.

DECREE AFFIRMED.