# Richmond.

## PORTER v. YOUNG.

May 17th, 1888.

### Absent, *Richardson, J.*

1. CONTRACTS—*Assignable.*—Under § 17, ch. 141, Code 1873, an ordinary running account between parties, showing an alleged indebtedness from the one to the other, is assignable.

2. ATTACHMENT—*What may be attached.*—Under § 11, ch. 148, Code 1873, debts due non-resident debtor by open account may be attached in the hands of resident garnishees.

3. JURISDICTION—*Defendant's residence.*—Where principal defendant is a non-resident, suit may be brought in a county where one or more of the other defendants reside, though the attached real estate of non-resident lies in another county.

4. CHANCERY PRACTICE—*Garnishees—Bill.*—A bill against non-resident debtor and several residents as garnishees, for an account of the indebtedness of the latter, respectively, to the former, is not multifarious.

5. IDEM—*Answer—Multifariousness—Uncertainty.*—Where debts are assigned to a party who sues for an accounting between the assignor and his several debtors, plea by and of the latter, that the former had made other and conflicting assignments of the same debts, is bad for multifariousness and uncertainty.

6. IDEM—*Decree for an account.*—Though the general rule is that an account should not be ordered in any case, unless shown to be proper by the pleadings and proofs in the cause; yet the rule is not applicable to a case where the answer sets up new and affirmative matter, upon which the defense is rested, and the burden of proving which lies on the defendant.

7. IDEM—*Commissioner's report.*—When a question of fact is referred to a master, depending on the conflicting testimony of witnesses, his report should be confirmed, unless in case of palpable error or mistake.

Appeal from decrees of chancery court of city of Richmond, rendered June 18th and 27th, 1885, and April 15th, 1886,

respectively, in the attachment suit in equity wherein James H. Young was plaintiff, and Jeremiah Steelman (non-resident) and W. L. Porter and others, resident debtors of said Steelman, and garnishees, two of whom resided in the city of Richmond where the attachment was sued out, were defendants, whilst a tract of land attached as the property of said Steelman lay in Chesterfield county. In October, 1881, Porter contracted to deliver cordwood to Steelman, who was to advance him money. In July, 1883, Steelman assigned this contract and the money due him on advancements to James H. Young, the plaintiff. The bill prayed for a discovery of the advancements by Steelman and of the state of accounts between him and Porter and the other garnishee defendants. The suit was, however, afterwards dismissed as to all of the latter except Porter, who demurred to the bill on the ground that such a contract was not assignable, and that the rights acquired by Steelman thereunder and assigned to Young were not such "debts" or "estate" as, under the statute, were the subject of attachment; and that the bill was multifarious in that he (Porter) could know nothing of the liability of Steelman to the plaintiff, or of the other defendants to Steelman, and that his (Porter's) defence should not be prejudiced or complicated by reason of Steelman's transactions with others. He also pleaded to the jurisdiction of the court; that Steelman had made other and conflicting assignments of the same debts; that he (Porter) was liable to be sued by said several assignees; that there was another contract between respondent and Steelman which should be filed with the bill for his better understanding of the claim of the plaintiff. In fact, he, in his answer, set up new and affirmative matter whereon he rested his defence, and which it was incumbent on him to sustain by proof. The court overruled the demurrer, denied the motion to dismiss the bill, and ordered the cause be referred to a master, whose report showed Porter to be indebted to Steelman in the sum of $1,390.06, with interest. The report, founded on the testimony of witnesses, which was conflicting, was confirmed; and it was decreed that the plaintiff,

Young, recover that sum of the said Porter, who appealed from the decree to this court.

*C. C. McCrae,* and *Tucker & Ingram,* for the appellant.

*E. H. Fitzhugh,* and *B. H. Nash,* for the appellee.

Lewis, P., delivered the opinion of the court.

The questions arising in this case are free from difficulty. The first point made by the appellant is, that the chancery court erred in overruling the demurrer to the bill. The demurrer was based upon several grounds, the first of which is, that the account between Porter and Steelman, and which, as the bill alleges, was, by a written contract exhibited with the bill, assigned by Steelman to the plaintiff, the appellee here, is not assignable. But this position is untenable. The subject of the assignment is an ordinary running account between the parties, showing a balance due by Porter to Steelman of $4,132.87, and which, though not assignable according to the ancient rule of the common law, is at the present day clearly so. *Stebbins & Lawson* v. *Bruce,* 80 Va. 389; 2 Story's Eq., section 1039. And the case is within the statute which authorizes the assignee of any bond, note or *writing,* not negotiable, to sue thereon in his own name.

And it is equally clear that the open accounts in question are such "debts" as under the eleventh section of chapter 148 of the Code of 1873 may be attached; so that the second ground of demurrer is also untenable. So also is the third and last, namely, that the bill is multifarious. All the defendants except Steelman were alleged to be debtors of the principal defendant, Steelman, and it was the unquestionable right of the plaintiff to bring them all before the court in one suit, with a view to ascertaining the amounts due by them, respectively, to Steelman, and in order that they might be required to pay to the plaintiff

what they owed to Steelman. The case is analogous in principle to the case of *Almond* v. *Wilson,* 75 Va. 623, and *Batchelder* v. *White,* 80 Va. 103.

The pleas of the defendant, Porter, were also properly overruled. The first was to the jurisdiction of the court, and alleges that the real estate sought to be attached is situate in Chesterfield county, and that all the defendants, except Steelman, who is a non-resident, and two others, " who, it is alleged, reside *in the city of Richmond,*" reside in the same county. The implied admission in the plea that two of the defendants reside in Richmond, sufficiently shows that the court had jurisdiction of the case, and nothing more upon that point need be said.

The second plea avers that Steelman made " several other assignments to other persons of a similar character with the assignment to the plaintiff, and that these different assignments are of a conflicting nature, whereby the defendant is exposed to the risk of other suits from other assignees of the said Steelman, setting up the same alleged liability," etc., and that these assignees are not made defendants.

This plea, as the learned counsel for the appellee contend, was rightly overruled for three reasons, viz: (1) That it raises an indefinite number of issues, and is therefore. multifarious, according to the rule of equity pleading, which provides that every plea must rest the defence upon *a single point,* which of itself creates a bar to the matter to which it is pleaded. 2 Rob. (old) Pr. 303. And, moreover, that the plea is uncertain, in that it does not distinctly aver that the assignments referred to embrace the claims which were assigned by Steelman to the plaintiff. (2) That the plea is also substantially one for want of parties, and as such is defective, because it does not point out who the parties are that are required, in conformity with the rule of pleading in such cases. 1 Danl. Ch; Pr. 682; and (3) That, in addition to these objections, there is no evidence to show that Steelman ever made any assignments to any person other than to the plaintiff, and that if any other assignments

were made, it was incumbent on the defendant, Porter, to prove it.

This brings us to the consideration of the principal assignment of error in the case, which is, that the court below erred in ordering an account, instead of granting the appellant's motion to dismiss the case upon the pleadings. This assignment is based upon the ground that where the answer is responsive to the bill, and denies all the material allegations of the bill, and there is no proof to sustain the bill, the suit ought to be dismissed, since a court of equity will never decree an account for the purpose of furnishing evidence to support the bill. The soundness of this position, as an abstract proposition, is admitted, and cannot be controverted; for, as was said by Judge Staples in *Lee County Justices* v. *Fulkerson*, 21 Gratt. 182, this court has repeatedly decided that an account should not be ordered in any case, unless shown to be proper and necessary by the pleadings and proofs in the cause. But the rule is not applicable to the present case; for the answer is not sufficiently responsive to the bill to bring the case within the rule. The answer sets up new and affirmative matter, upon which in part the defence is rested, and which it was incumbent on the defendant to sustain by proof. For example, credit is claimed in the answer, or in the account filed therewith, for 1,356 cords of wood, at $2.50 per cord, as to which nothing is said in the bill or in the accounts exhibited with the bill, and in this particular the answer unquestionably is not responsive.

But, more than this, the answer refers to certain recorded contracts between the defendant and Steelman, which, it is insisted, ought to be produced by the plaintiff "in order to afford any intelligent understanding" of the case; thus in effect conceding that the defence cannot be fully and intelligently made without the documents called for, and showing, moreover, the propriety of the action of the chancellor in ordering an account, that the merits of the case might be fully developed. The propriety of this action is also shown by the averment in

the answer that as to an item of 1,600 cords of wood in the account filed with the bill, the defendant knows nothing, and as to which no other answer is made than that it is "unintelligible to this respondent." It is very clear, therefore, without further discussion, that the case was a proper one for an account, and that an account was rightly ordered.

Upon the merits also the case is with the appellee. The evidence taken before the commissioner, to whom the cause was referred, is voluminous and conflicting, and his report was confirmed. The case is fully within the rule, acted upon by this court in numerous cases, that " when a question of fact is referred to a commissioner, depending upon the testimony of witnesses, conflicting in their statements and differing in their recollection, the court must of necessity adopt his report, unless in a case of palpable error or mistake." *Bowers' Adm'r* v. *Bowers*, 29 Gratt. 697.

DECREES AFFIRMED.