# Richmond.

## SAUNDERS V. PARRISH.

### JANUARY 23d, 1890.

1. FRAUDULENT CONVEYANCES—*Proof.*—Fraud must be both charged and proved. It may be proved by circumstantial evidence; but the evidence must be such as to satisfy the chancellor that the conveyance was not made in good faith, before he can so declare.

2. IDEM—*Case at bar.*—When P. & K. dissolved, K. assumed all firm debts. P. informed plaintiff, who held firm's note, urging him to push K. Plaintiff, however, continued to sell to K. P. then gave plaintiff his bond for individual indebtedness, and offered him land to pay this and firm debt. The offer was refused. P. conveyed the land to his brother, to pay a debt of equal value. Plaintiff sued to set aside the conveyance as fraudulent. *Held*, the facts did not show fraud.

Appeal from decree of circuit court of Louisa county, rendered in the chancery cause of Saunders against Parrish and others, to annul a conveyance as fraudulent. The circuit court dismissed the bill. The complainant appealed. Opinion states the case.

*Alex. Coke* and *R. L. Gordon*, for the appellant.

*Meredith & Cocke*, for the appellees.

HINTON, J., delivered the opinion of the court.

This suit was brought to have a certain deed, made by one H. J. Parrish to his brother, T. J. Parrish, on the 17th of

March, 1883, for the stated consideration of $4,000, declared fraudulent and void, and to subject three of the four parcels of land conveyed by said deed to the payment of the debts due to the plaintiff. The bill was filed at August rules, 1884, of the circuit court of Louisa county, and waives answers from the defendants. Nevertheless, both of the brothers Parrish promptly answered under oath, explicitly denying the various allegations of fraud, and subsequently appeared and were examined as witnesses in the case. The circuit court determined, by its decree, that there was no fraud in the case; and this court, after a very careful examination of the record, has reached the same conclusion. That fraud must not only be charged, but proved, is an observation that has long since become axiomatic; and, while it is not necessary, nor even always possible, to establish the fraud by direct and positive evidence, and therefore circumstantial is not only sufficient, but in many, and perhaps the majority of cases the only proof that can be adduced; yet the evidence in both classes of cases must be so strong and clear as to satisfy the conscience of the chancellor that the conveyance was not made in good faith, before the court can so declare. *Moore* v. *Ullman*, 80 Va., 311; *Armstrong* v. *Lachman*, 84 Va., 726; *Bowden* v. *Johnson*, 107 U. S., 251; *Jones* v. *Abraham*, 75 Va., 466; *Rea* v. *Missouri*, 17 Wall., 543; Wait, Fraud. Conv., secs. 5–8, 224, 382. Now, in this case there is no such measure of proof. The plain and simple facts of the case seem to be as follows: In June, 1880, Humphrey J. Parrish and J. H. Kennedy dissolved a partnership which had theretofore existed between them, upon an agreement that Kennedy was to pay Parrish $300, take the assets, and pay the liabilities. At that time the firm owed the appellant, E. A. Saunders, $451 16, for which Parrish gave Saunders the note of the firm. Soon thereafter (exactly how soon does not appear) Parrish wrote to Saunders, told him of the terms of the dissolution, and urged him to push Kennedy for a set-

tlement. Instead of doing so, Saunders continued to sell Kennedy after the dissolution. In April, 1882, Parrish, who owed Saunders an individual debt of $324 98, executed to him his bond therefor. About the same time it would seem, Parrish wrote to Saunders, offering to sell him the land in controversy in payment of both debts; to which proffer Saunders replied by refusing to accept. Subsequently, to-wit, on the 17th day of May, 1883, H. J. Parrish, who was indebted to his brother, T. J. Parrish, on a settlement of their partnership accounts, in the sum of $4,000, at the least, being about to remove to Kentucky to live, sold the real estate conveyed by the deed to his brother in payment of this debt.

Now, regarding these facts as established by the record, we deem it unnecessary to go into a critical and detailed examination of the evidence, and we shall content ourselves with saying that we are unable to perceive anything in the argument for the appellant, ingenious and able as it is, to overcome the apparent *bona fides* of the transaction, and to stamp it as fraudulent and void. The argument for the appellant of necessity rests mainly upon certain discrepancies, or, as they are called, "contradictions," between the depositions and answers of the brothers, who are testifying as to transactions which occurred fourteen years ago. Admitting that these discrepancies do exist, yet they are not upon the material points of the case, and cannot overthrow the positive testimony of the brothers and their witnesses upon such points. What has been done, taken in connection with the well-established facts of the case, is more consistent with good than bad faith in the execution of the deed, and it should therefore be sustained.

This view of the case renders it unnecessary for us to consider whether the appellant has not lost his remedy, if fraud had been established, by his failure to pursue Kennedy. Baylies, Sur., 481; *Colgrove* v. *Tallman*, 67 N. Y., 95; *Bell* v. *Hall*, 5 N. J. Eq., 477; *Wilde* v. *Jenkins*, 4 Paige, 481; *Smith* v. *Shel-*

*den,* 35 Mich., 42; *Bays* v. *Conner,* 105 Ind., 415; *Barber* v. *Gillson,* 18 Nev., 89, 1 Pac. Rep., 452.

The decree appealed from is right, and must be affirmed.

DECREE AFFIRMED.