### Wytheville.

MOORE ET AL. V. BUTLER ET AL.

JUNE 14th, 1894.

1. ANTENUPTIAL SETTLEMENTS.—Prior to May 1, 1888, deed from a man to his intended wife in consideration of marriage, was valid as against his creditors in the absence of fraudulent intent on her part. *Herring* v. *Wickham*, 29 Gratt., 628.

2. IDEM—*Evidence—Case at bar.*—In suit by creditors to annul deed made before May 1, 1888, in consideration of marriage by a man to his intended wife, it appeared that grantor was at its date insolvent, and had recently bought considerable property on credit, and the deed would leave his creditors unpaid ; that before the marriage notice was served on her of such suspicious circumstances ; that the commissioner, who heard the witnesses, reported that there was no proof of her fraudulent participation, and the report was confirmed : *held,* the deed must be allowed to stand.

Appeal from decree of circuit court of Hanover county, rendered October 26, 1891, in a chancery cause wherein J. S. Butler and others were complainants and L. A. Butler and others were defendants. The decree being adverse to the complainants, they appealed. Opinion states the case.

*George T. Haw, Hill Montague,* and *James Lyons,* for appellants.

*Cardwell & Cardwell,* for appellees.

LACY, J., delivered the opinion of the court.

The controversy here is over certain trust deeds made by the appellees, J. F. Moore and L. A. Butler, some of the trusts were to secure certain valid debts, so held by the decree of the circuit court of Hanover, so conceded here now to be *bona fide* and valid.

But these parties, J. F. Moore and L. A. Butler, before the Code of Virginia, 1887, went into operation, made antenuptial deeds, conveying certain property, subject to the above mentioned deeds, to their prospective wives in consideration of marriage. These deeds were executed and recorded, and the marriages took place. Whereupon J. S. Moore, the appellant, and Wingo, Ellett & Crump, all merchants of Richmond city, brought their suits to annul these marriage deeds for fraudulent intent in which the expectant wife is alleged to have fully participated.

The case of *Herring* v. *Wickham*, 29 Gratt., 628, is conceded, the transactions being before the Code of 1887 went into effect, also *Clay* v. *Walters*, 79 Va., 92, when the wife expectant was served with notice of the contention of the creditors, that the deed was with fraudulent intent. The only question in dispute here is one of fact. The law being conceded that the deed is good if there was no fraudulent intent on the part of the grantees. And also that the deed is void for fraudulent intent, if such existed on the part of the grantor in each case, and if the fraudulent intent was participated in on the part of the grantee in each deed.

But the grantee in each deed denies all fraudulent intent, and disclaims all knowledge of fraudulent intent on the part of the grantor if such should be found to exist. The circuit court referred the disputed question to a commissioner to take evidence and make report as to these matters.

The evidence was taken and reported in the form of depositions, and report made that there was no participation in any fraudulent intent on the part of the beneficiaries, and that the deeds were valid and binding. This report the circuit

court confirmed in the decree complained of and appealed from here.

In the answers, the grantees, not under oath, oath being waived in the bills; and the depositions show that in the Butler deed the plaintiffs served notice as in the *Clay* v. *Walters supra,* on the expecting wife, of suits and the contention of the plaintiffs as to the fraudulent intent of the grantor, and there is evidence of circumstances that may be said to be suspicious in each case. But the commissioner who heard and saw the witnesses testify, and the circuit court which tried the case, decided that there was not sufficient proof of any fraudulent participation on the part of the grantees in the cases. In such case great weight is necessarily given to the decree of the court below, and this court will not reverse except in a case of palpable mistake. *Bowers* v. *Bowers,* 29 Gratt., 697; *Magarity* v. *Shipman,* 82 Va., 784; *Porter* v. *Young,* 85 Va., 49. In this case the evidence cannot be said to be conflicting, the defendants having called no witnesses. But the questions are decided upon the weight of the evidence in the effort to bring home to the wife knowledge of the fraudulent intent of the husband, and collusion therein, and these circumstances are held insufficient to establish any guilty knowledge on the part of the wife. The plaintiffs prove the circumstances of suspicion as to the husband, which are his insolvency and the recent purchase of a good deal of property and goods so short a time before the conveyance of that, and all other property, so as to leave the creditors without payment of any part of their debts, if the deed stands.

But the only evidence which tends to show any knowledge in the grantee of the insolvency and the claim of fraudulent intent by the creditors, is the evidence of the witness Alexander, who served the above mentioned notices on Mrs. Butler before her marriage; when she seemed to be excited and asks the witness, who was the deputy sheriff, what all that meant; when he told her not to mind him, he expected to be married

himself soon, and that he did not think they would amount to anything. He served similar notices on Mrs. Moore, but had no conversation with her at all.

In *Clay* v. *Walters, supra,* it was held that " it was necessary to show that the intended wife knew of the guilty purposes of her intended hasband, if suit existed, and that she participated in the fraudulent intent." That it was necessary to bring home to her actual knowledge of the fraud in contemplation. See *Clay* v. *Walters, supra,* and what is said on pages 97 and 98 of that case.

We cannot say upon the evidence here that she had knowledge of any fraudulent intention on the part of her husband. She participated in one of the cases in the purchase of house-furnishings by her husband, but she heard him promise to pay for them, and saw him sign a note binding him to pay for them, and there is no proof tending to show that she knew that he could so easily avoid payment and escape from the obligation of his written promise.

We are constrained to affirm the decree of the circuit court in this case, and to hold that there is not sufficient proof of fraudulent intent on the part of the wife, which is done accordingly.

DECREE AFFIRMED.