Simon *et al.*

*v.*

Ellison *et al.*

(*Supreme Court of Appeals of Virginia, Aug. 1, 1895.*)

[22 S. E. Rep. 860.]

**Fraudulent Conveyances—Homestead Deed—Suit to Set Aside.\***

The filing of a homestead deed, claiming as exempt, under the homestead law, store fixtures and certain merchandise in stock, is not a conveyance or assignment which can be attacked as in fraud of creditors, under Code, § 2460, as amended.

**Same—Same—Same—Jurisdiction of Court.**

To give a court in which a homestead deed, claiming goods as exempt, is attacked as in fraud of creditors, jurisdiction over the goods, there must be a valid attachment thereof, and, the attachment being dismissed, the suit should also be dismissed.

**Same—Same—Same—Who May Maintain.**

Suit attacking a conveyance as in fraud of creditors cannot be maintained by creditors whose claims are not due.

**Same—Evidence of Fraud.**

In order to set aside an assignment as fraudulent, it is not enough that there is evidence creating a strong suspicion that the assignee and preferred creditors had notice of and participated in the fraud, but there must be clear and satisfactory proof thereof.

Appeal from circuit court, Washington county; Sheffey, Judge.

Suit by John B. Ellison & Son and others against H. J. Simon and others to set aside a homestead deed and an assign-

---

\*See monographic note on "Fraudulent and Voluntary Conveyances," Va. Rep. Anno.; also, foot-note to Herring *v.* Wickham, 29 Gratt. 628 (Va. Rep. Anno.).

ment for creditors, with preferences, as fraudulent. Decree for complainants. Defendants appeal. Reversed.

*A. H. Blanchard*, for appellants.

*Fulkerson, Page & Hurt* and *H. G. Peters*, for appellees.

CARDWELL, J., delivered the opinion of the court.

H. J. Simon, one of the appellants here, resided in the city of Bristol, on the Tennessee side of the dividing line between Tennessee and Virginia, and conducted business as a merchant tailor on the Virginia side from some time in 1890 to about the 2d of April, 1892. On the latter date, or about that time, he moved his residence into Virginia, and on the very day that he took up his residence here, or within two days thereafter, he made and filed for record a homestead deed, claiming as exempt, under the homestead law, provided by the constitution and laws of this state, the fixtures in his store and certain specified articles of goods and merchandise in stock, aggregating in amount $2,177.82, and then conveyed or assigned the residue of his stock of goods and merchandise to one H. E. Jones, to secure a long list of creditors, but preferring those who are put in the first class, in amount considerably beyond the value of the goods assigned. Immediately upon the recordation of this deed of assignment and the homestead deed, appellees John B. Ellison & Son, the C. Kenyon Company et al., G. L. Kahn et al., and Boyd Jones & Co. et al., filed their several bills of complaint against H. J. Simon and H. E. Jones, his assignee, in the corporation court of the city of Bristol, assailing the deed of assignment and the homestead deed executed by Simon and recorded on April 4, 1892, as fraudulent and void, charging that they were made for the purpose of hindering, delaying, and defrauding the creditors of Simon ; Jones, as alleged, having notice of Simon's fraudulent intent ; and upon the filing of these several bills of complaint, attachments were sued out in

each case, and levied upon the goods embraced in both deeds. Subsequently, and on April 23, 1892, upon motion of H. J. Simon, the corporation court of Bristol abated the attachments, with costs to the defendants, but overruled the motion to dismiss the bills. Upon the final hearing of the causes, which were brought on together on the bills of complaint, defendants' demurrer, and answer to each bill, and the deposition of witnesses, the corporation court of the city of Bristol overruled defendants' demurrer to each bill, decreed to the several complainants the amounts alleged to be due them, and set aside, as fraudulent and void, both the deed of assignment and the homestead deed. From this decree an appeal with supersedeas was allowed to this court, and upon the hearing of which this court reversed the decree of the corporation court of the city of Bristol, because erroneous in decreeing upon the bills in the cause, without causing the same to be amended, making the beneficiaries under the deed of trust of April 4, 1892, parties to the suit ; and, without passing on any other question, remanded the cause to the court below for further proceedings in accordance with this opinion of the court. 90 Va. 157, 17 S. E. 836. Amended bills were filed in accordance with the opinion of this court on the former appeal, which were demurred to and answered by Simon, Jones, assignee, and the preferred creditors secured in the deed of assignment; and upon the completion of the testimony of both plaintiffs and defendants, the causes were, by order of the judge of the corporation court of the city of Bristol, for reasons stated, removed to the circuit court of Washington county ; and upon the records in the several suits transmitted and certain exceptions filed by the defendants, and other pleadings filed, the circuit court of Washington county sustained certain of the exceptions (which need not be specially noticed), and overruled exceptions taken by defendants "to the deposition previously taken under the original bill, which were proved by copies of the depositions, or the originals, on re-examination of the same witnesses under the amended bills," upon the

ground that the defendants "had ample opportunity at the retaking to cross-examine as to any matter stated in original depositions"; and further decreed that the deed of homestead made by Simon, dated on the —— day of April, 1892, and the deed of assignment to Jones, assignee, recorded on April 4, 1892, were fraudulent and void, because made for the purpose of hindering, delaying, and defrauding the creditors of Simon; and further decreed to the several plaintiffs in the amended bills the amount alleged to be due them, respectively, fixing their priority as to the funds arising from the sale of the goods embraced in the assignment to Jones, and directing the assignee, Jones, to distribute the proceeds arising from the sale of the goods made by him according to the priorities fixed by the decree.     From this decree an appeal with supersedeas was allowed the defendants to this court.

A number of assignments of error are made by appellants, but many of them need not be specially noticed, as this case is to be disposed of upon the main questions involved, viz. : (1) Whether the court should have dismissed complainants' bills, because the claims sued on were not due and payable at the time of the institution of the suits; (2) whether or not the court erred in refusing to dismiss the bills at the time the attachments were abated; (3) whether the court erred in holding that the homestead deed was fraudulent and void, because Simon moved into the state of Virginia for the purpose of claiming a homestead exemption; and (4) whether or not the court erred in holding that the assignment to Jones was fraudulent and void as to appellees, and in decreeing priorities as to claims of appellees to the proceeds arising from the sale of the goods embraced in the assignment.

As to the first question to be considered, we are of opinion that the court should have dismissed all the bills, as to the goods embraced in the homestead deed, when the attachments were abated; and also dismissed the suits of Boyd, Jones & Co., Emel Wiel & Co., Cluett, Coon & Co., John B. Ellison

& Sons, Alex Cohn & Bro., Jonas Bros., Edward R. Hawkins & Co., and the C. Kenyon Company, because the claims sued on by these plaintiffs were due at the time of the institution of their respective suits ; and the attachments were, we think, properly abated, the motion to abate being heard, as it was, upon the bills and exhibits, and the affidavit of one Waynick, and the answer of Simon, responsive to the bill in all respects, the affidavit of Simon and of one J. E. Smithdeal. Without the lien of the attachments, the court was without jurisdiction as to the homestead goods, and as to the suits instituted by Boyd, Jones & Co., Emel Wiel & Co., Cluett, Coon Co., John B. Ellison & Sons, Alex Cohn & Bro., Jonas Bros., Edward R. Hawkins & Co., and the C. Kenyon Company, as it could not be held that the filing of the homestead deed was a conveyance or assignment which could be attacked under the provisions of section 2460 of the Code of Virginia, as amended, or that the court had jurisdiction, under this section, of the suits instituted by the plaintiffs whose claims were not due when their respective suits were instituted ; nor can it now be maintained that the amended bills gave the court jurisdiction that it did not have when the original suits were instituted. We are not to be understood, however, as expressing any opinion as to the right of H. J. Simon, under the circumstances surrounding him at the time of the making of his homestead deed in question, to avail himself of the benefit of the homestead exemption provided for by the constitution and laws of this state, because this question is not involved in this appeal, the court below being without jurisdiction as to the goods embraced in the deed of homestead from and after the abatement of the attachment levied thereon ; but this question may be raised and determined in any proper proceedings hereafter instituted by any of the creditors of the said Simon, and, in addition to this right, the plaintiffs named above, whose suits should have been dismissed, as we have seen,

upon the abatement of the attachments, are to be considered at liberty to institute any proceedings that they, or either of them, may be advised, to have set aside as fraudulent and void the deed of assignment executed by Simon to Jones, assignee, April 4, 1892; the respective claims of these plaintiffs against Simon having become due.

This brings us to the consideration of the question whether there is error in the court below decreeing that the deed of assignment from Simon to Jones, assignee, of April 4, 1892, was fraudulent and void as to appellees. The evidence of the fraudulent intent of Simon in making this assignment to hinder, delay, and defraud his creditors is abundant; indeed, conclusive ; and while it strongly tends, at least, to establish notice to Jones, the assignee, and to some of the preferred creditors secured, of Simon's fraudulent intent, the question remains, is it sufficient to fix the notice upon the assignee or these creditors that is required to justify the court below in declaring, by its decree complained of, the assignment null and void? The grounds upon which the court below declared the homestead deed and the assignment fraudulent and void are stated in the decree as follows :   " *   *   *   And the court being further of the opinion that, whether the debts of the defendants, the preferred creditors, were genuine or not, the reservation of an illegal homestead to said H. J. Simon, upon the face of said assignment, and as a part thereof, the homestead reserved amounting to more than $2,000, and the failure of the assignee to accept the assignment until two days after the said assignment was recorded, thus leaving the property so assigned in the possession and under the control of the said H. J. Simon until the assignee accepted the same, the raising of the debt due the Dominion National Bank, of which H. E. Jones was the cashier, from $200 to $250, was such constructive notice to the parties claiming under the assignment of fraud in the transaction as to put them upon inquiry, and affect them with the

knowledge thereof.   And, the court being further of the opin-
ion that, although the debt of L. D. Radgesky was a genuine
debt, yet that he had actual notice from said H. J. Simon in
his letter of February 19, 1892, to him, of an understanding
between Weinman and Simon, that Weinman should be pro-
tected, as shown by the words, 'of course, he is sure that he is
fully protected by me, and that, whatever happens, his interests
are carefully guarded,' and that Radgesky has also actual notice
in that letter of Simon's intended removal to Virginia to secure
the homestead of $2,000 allowed in Virginia, the state he was,
as he wrote, 'doing business in, and which, come what may,
seems to me quite an amount of exemption rights,' and that
both Weinman and Radgesky had actual notice of Simon's fail-
ing and doubtful financial condition ; and the court being
further of opinion that their loaning him money under
the circumstances enabled him to buy more goods on
credit from others, while there was a secret understanding
that whatever happened they should lose nothing, and to
pay for the homestead goods, if they were paid for, out
of the moneys to be secured by prior liens on the other
goods not paid for.   *   *   * "   This statement in the decree
is substantially the facts and circumstances shown by the
record which bear upon the question as to whether Jones,
assignee, and L. D. Radgesky, and Jacob Weinman, the pre-
ferred creditors, before referred to, had notice of Simon's
fraudulent intent in making the assignment, and whether these
creditors participated in the fraud.   While the facts and cir-
cumstances proven in the record create a strong suspicion that
the assignee, Jones, Radgesky, and Weinman had notice of
the fraud, and that Radgesky and Weinman participated and
aided therein, they do not, we are constrained to say, afford
such proof as is required, under a well-recognized rule of law
in Virginia, to justify the decree annulling the assignment,—
a rule, the application of which is decisive of this case, namely:

Fraud must be proved, and by clear and satisfactory testimony. Courts cannot act upon mere suspicion or presumption. Herring v. Wickham, 29 Grat. 628 ; Kerr, Fraud & M. 382–384; Bump, Fraud. Conv. 36 ; Hickman's Ex'r v. Trout, 83 Va. 490, 3 S. E. 131 ; Jeffries v. Improvement Co., 88 Va. 869, 14 S. E. 661 ; Williams v. Lord, 75 Va. 390 ; Crebs v. Jones, 79 Va. 384 ; Jones v. Degge, 84 Va. 690, 691, 5 S. E. 799 ; Saunders v. Parrish, 86 Va. 592, 10 S. E. 748 ; Moore v. Butler, 90 Va. 683, 19 S. E. 850 ; Dashiell v. Bank (Va.) 22 S. E. 169. The party alleging fraud must clearly and distinctly prove it. The onus probandi is upon him to prove his case as charged in the bill. If the fraud is not strictly and clearly proved as it is alleged, although the party against whom the relief is sought may not have been perfectly clear in his dealings, no relief can be had. Hord's Adm'r v. Colbert, 28 Grat. 57 ; Kerr, Fraud & M., supra. For the foregoing reasons, we are of opinion that the decree complained of is erroneous in all respects, except in so far as it decreed to Gerson L. Kahn against H. J. Simon the amount of his debt sued on, namely, $325.53, with interest thereon from the 24th of March, 1892, until paid ; to the C. Kenyon Company against said Simon $419.57,—that portion of the debt sued on by the C. Kenyon Company due at the institution of its suit, with interest from April 1, 1892 ; to Lewis N. Dibble, a merchant under the name of Dibble & Warner, against said Simon for $78.90, with interest from April 1, 1892 ; to McTeers, Payne, Hood & Co. against said Simon for $375.20, with interest from April 4, 1892 ; and the decree must therefore be reversed and annulled, except in so far as it decrees to Gerson L. Kahn, the C. Kenyon Company, Lewis N. Dibble, and McTeers, Payne, Hood & Co. their respective claims against H. J. Simon, as above stated. The claims of these plaintiffs being due when their suits were instituted, the court acquired jurisdiction of their respective suits, and it was therefore right and proper in the court to decree to these plaintiffs against H.

J. Simon the amount of their respective debts sued on (Walters v. Bank, 76 Va. 12 ; Penn v. Ingles, 82 Va. 65 ; Beecher v. Lewis, 84 Va. 632, 6 S. E. 367 ; Grubb v. Starkey, 90 Va. 834, 20 S. E. 784), and this court will enter such order in this cause as the circuit court of Washington county should have entered, dismissing the bills of appellees.