### HANNON v. FINK et al.

No. 6943—Opinion Filed Oct. 2, 1917.

(167 Pac. 1152.)

**Bills and Notes—Defenses — Inadequacy of Consideration.**

In an action on a promissory note given for the purchase price of merchandise, where the promisor receives all he contracted for, mere inadequacy of consideration, in the absence of fraud, unless such inadequacy is sufficient to shock the conscience and in itself constitute a badge of fraud, is not available as a defense on the ground of failure of consideration.

(Syllabus by Bleakmore, C.)

Error from District Court, Rogers County; T. L. Brown, Judge.

Action by E. F. Hannon against L. A. Fink and Mrs. E. T. O'Mears. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

A. Nicodemus, for plaintiff in error.

Jno. M. Goldesberry and Mack R. Shanks, for defendants in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Rogers county by E. F. O'Mears, seeking recovery of $667.08, with interest and attorney fees, on a promissory note executed and delivered by them to plaintiff in the sum of $850. Defendants answered in the first paragraph thereof admitting the execution of the note, in the second paragraph thereof alleging:

"Defendants, further answering, allege truth to be that said note was given and executed as a part of the purchase price of one certain stock of merchandise, and that defendants paid plaintiff at the time of the execution of said note the sum of $250, to apply on purchase price of said merchandise, and that since the execution of said note they have paid to plaintiff the sum of $200, making a total amount paid to plaintiff by defendants in the sum of $450, which amount was the full value of said merchandise bought and purchased by defendants from plaintiff, and that the remainder of said note, in the sum of $667.08, is void for want of consideration; that defendants never at

the time received any consideration for said amount due on said note, and that this fact was well known to the plaintiff at the time of the execution of said note by defendants, but was unknown to these defendants at the time said note was executed, and was unknown to them until the said stock of merchandise was invoiced and turned over to defendants; that plaintiff had notice of the fact that said merchandise was not in value to the amount of said note at the time said merchandise was turned over to defendants by plaintiff and prior to the inception of this action."

—and in the third paragraph setting forth that, contemporaneously with the execution of said note, a written contract for the sale of the stock of merchandise by plaintiff was entered into, "in which contract it was agreed by and between parties to this action that said defendants should pay said note at any time they so desired, providing the said stock of merchandise amounted in value to the amount of said note." Demurrer to the second and third paragraphs of the answer was overruled. In reply plaintiffs set forth a contract for the sale of the goods, which is as follows:

"This contract made and entered into this 11th day of May, 1912, by and between E. F. Hannon, of Tulsa, Okla., party of the first part, and L. A. Fink, of Collinsville, Okla., party of the second part, witnesseth: Whereas, the party of the second part is desirous of purchasing from the party of the first part the following described property: The stock of books, stationery, office supplies, cigars, tobacco, newspapers, magazines, holiday goods and all other goods in store now conducted by party of the first part in Collinsville, Okla.; and,

"Whereas, the party of the second part desires to pay for said property in installments as hereinafter indicated; and

"Whereas, the title to said property is to remain in the party of the first part until the full amount of the purchase price has been paid;

"Now, therefore, the party of the second part agrees to pay for the said property the sum of two hundred and fifty dollars in cash, the receipt of which is hereby acknowledged by party of the first part.

"The party of the second part agrees to give his note for eight hundred fifty dollars, due one day from date, for balance of the purchase price.

"It is understood that the party of the first part is to leave the said note with the Farmers' & Merchants' Bank of Collinsville, Okla., for collection, and the party of the second part agrees to pay same off just as fast as possible, the payments to be credited on the back of the note, and the money to be remitted to the party of the first part by the said bank."

Upon trial, over the objection of plaintiff, evidence of the market value of the stock of goods, for the major portion of the purchase price of which the note in question was given, was submitted to the jury. There was judgment for plaintiff in the sum of $50, from which he has appealed, assigning as error the overruling of the demurrer to the second and third paragraphs of the answer, that the verdict is not sustained by the evidence and is contrary to law, and the overruling of the motion for new trial.

It clearly appears that defendants, contemplating the purchase thereof, being afforded full opportunity so to do, examined the stock of goods for the purpose of determining whether such venture would probably be profitable, and, relying on their own judgment as to the value, with no warranty or fraudulent inducement on the part of plaintiff, bought the same in bulk. They did not thereafter offer to rescind, but, on the contrary, retained possession, conducted the business without disclosing to plaintiff any dissatisfaction with the bargain, made partial payment of the note, and ultimately disposed of the stock of goods. There is neither allegation nor proof that they failed to receive, either in quantity or quality, all the goods the contract called for but, to evade payment when sued upon the note, they merely urged that the property was not equal in value to the price they promised to pay therefor, their estimate of its worth having proved inaccurate, and their expectation of profit not being realized.

In Eyre v. Potter, 15 How. 59, 14 L. Ed. 592, it is said by the federal Supreme Court:

"The parties, if competent to contract and willing to contract, were the only proper judges of the motive or consideration operating upon them; and it would be productive of the worst consequences if, under pretexts, however specious, interests or dispositions subsequently arising could be made to bear upon acts deliberately performed, and which had become the foundation of important rights of others. Mere inadequacy of price, or any other inequality in a bargain, we are told, is not to be understood as constituting per se a ground to avoid a bargain in equity, for courts of equity, as well as courts of law, act upon the ground that every person who is not, from his peculiar condition or circumstances under disability, is entitled to dispose of his property in such manner and upon such terms as he chooses; and whether his bargains are wise and discreet

or otherwise, or profitable or unprofitable, are considerations not for courts of justice, but for the party himself to deliberate upon. * * *

"Again, it is ruled that inadequacy of consideration is not of itself a distinct principle of equity. The common law knows no such principle. The consideration, be it more or less, supports the contract. Common sense knows no such principle. The value of a thing is what it will produce, and it admits of no precise standard. One man, in the disposal of his property may sell it for less than another would. If courts of equity were to unravel all these transactions, they would throw everything into confusion, and set afloat the contracts of mankind. Such a consequence would of itself be sufficient to show the injustice and impracticability of adopting the doctrine, that mere inadequacy of consideration should form a distinct ground for relief."

The evidence adduced relative to the market value of the property could only tend to show inadequacy of consideration, which, unless so gross as to amount to fraud, or shock the conscience, is in itself insufficient to avoid a bargain.

In Guss et al. v. Nelson, 14 Okla. 296, 78 Pac. 170, it is said:

"In order to entitle one to defend against a contract on the ground of a failure of consideration, the evidence must show something more than inadequacy of consideration."

See, also, Lewis v. Allen, 42 Okla. 584, 142 Pac. 384; Barker v. Wiseman, 51 Okla. 645, 151 Pac. 1047.

In Jones v. Degge, 84 Va. 685, 5 S. E. 799, it is held:

"Equity will not relieve the makers of a note given for the purchase money of a newspaper for mere inadequacy of consideration, unless the inadequacy is such as to shock the conscience, and of itself amount to fraud."

See Townsend v. Board of Water Commissioners, 63 Ill. 26, 14 Am. Rep. 109.

"The rule is almost elementary that, where the promisor gets all that he contracts for, he cannot be heard to complain that the consideration was not valuable." 6 Enc. of L. 780.

"Mere inadequacy of consideration, without fraud, is no defense, unless the inadequacy is so great as to be of itself a badge of fraud." Selover on Negotiable Instruments (2d Ed.) § 64.

The second paragraph of the answer failed to state facts sufficient to constitute a defense on the ground of partial failure of consideration and therefore the demurrer thereto was erroneously overruled.

Under the pleadings it was also error to admit evidence of the market value of the stock of goods. The verdict was not sustained by competent evidence, and is contrary to law; and, these matters having been property brought to the attention of the court below, a new trial should have been granted.

It follows that the judgment of the trial court should be reversed, and the case remanded.

By the Court: It is so ordered.